

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*John Wilson, Jr.*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Phone: 973-645-2700*

JW/PL AGR
2019R00823

March 16, 2021

Michael Baldassare, Esq.
Baldassare & Mara, LLC
570 Broad Street, Suite 900
Newark, New Jersey 07102

        Re:    Plea Agreement with JOSEPH HINKSMON
                 20-CR-210 (CCC)

Dear Mr. Baldassare:

      This letter sets forth the plea agreement between your client, JOSEPH HINKSMON, and the United States Attorney for the District of New Jersey ("this Office"). This plea offer will expire if an executed copy is not received by this Office by April 09, 2021.

Charges

      Conditioned on the understandings specified below, this Office will accept a guilty plea from HINKSMON to Count 1 of the Indictment, Crim. No. 20-210 (CCC), charging him with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). If HINKSMON enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against HINKSMON for knowingly receiving and possessing child pornography prior to on or about July 24, 2019. In addition, this Office will move to dismiss Count 2 of the Indictment, which charges him with possession of child pornography on or about July 24, 2019.

      If a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force

and effect, HINKSMON agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by HINKSMON may be commenced against him, notwithstanding the expiration of the limitations period after HINKSMON signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(2)(A) to which HINKSMON agrees to plead guilty (Count 1) carries, for a first time offender, a statutory maximum sentence of 20 years' imprisonment, a statutory mandatory minimum sentence of five (5) years' imprisonment, and a maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that HINKSMON has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, then the violation of 18 U.S.C. § 2252A(a)(2)(A) (Count 1) to which HINKSMON agrees to plead guilty instead carries a mandatory minimum sentence of fifteen (15) years' and a statutory maximum prison sentence of forty (40) years' imprisonment.

The sentence to be imposed upon HINKSMON is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence HINKSMON ultimately will receive.

Further, in addition to imposing any other penalty on HINKSMON, the sentencing judge: (1) will order HINKSMON to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order HINKSMON to pay restitution pursuant to 18 U.S.C.

§ 2259, including restitution of at least $3,000 per victim; (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583 must require HINKSMON to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed.

In addition, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

In addition, pursuant to 18 U.S.C. § 2259A, the court shall assess (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5), (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense.

Violations of Supervised Release

Should HINKSMON, while on supervised release violate any of the conditions of supervised release before the expiration of its term, HINKSMON may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should HINKSMON while on supervised release be found, in a manner that satisfies *United States v. Haymond,* 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, HINKSMON must be sentenced to at least five (5) years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on HINKSMON by the sentencing judge, to correct any misstatements relating to

the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of HINKSMON's activities and relevant conduct with respect to this case.

Stipulations

      This Office and HINKSMON agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or HINKSMON from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

      As set forth in Schedule A, this Office and HINKSMON waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Restitution

      Pursuant to 18 U.S.C. §§ 2259 and 3663, HINKSMON agrees to pay restitution to the victims of the offenses to which HINKSMON is pleading guilty. HINKSMON agrees that the Court may order restitution to any victim of any relevant conduct, as defined in United States Sentencing Guidelines, Section 1B1.3, in connection with the offenses to which HINKSMON is pleading guilty.

HINKSMON further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. HINKSMON understands that the Court must order mandatory restitution of not less than $3,000 per victim. Hinksmon reserves the right to challenge all restitution calculations.

Forfeiture

     HINKSMON agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all computer and computer accessories on which law enforcement, in or about July 2019, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in the Indictment; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Indictment and all property traceable to such property (the "Forfeitable Property," which includes the items listed on Schedule B).

     HINKSMON acknowledges that the Forfeitable Property is subject to forfeiture as a visual depiction, or book, magazine, periodical, film, videotape, or other matter that contains a visual depiction, described in 18 U.S.C. § 2252A that was produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from a violation of 18 U.S.C. §§ 2252A or 2251; and any property, real or personal, used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. §§ 2252A or 2251 and any property traceable to such property.

     HINKSMON further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. HINKSMON agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. HINKSMON understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to

5

Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

HINKSMON hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

HINKSMON understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. HINKSMON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. HINKSMON wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. HINKSMON understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, HINKSMON waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Registration Consequences

HINKSMON understands that his guilty plea to Count 1 of the Indictment will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. HINKSMON wants and agrees to plead guilty to Count 1 of the Indictment regardless of any registration consequences of that plea. HINKSMON understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, HINKSMON waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Adam Walsh Child Protection and Safety Act

HINKSMON has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and

keep the registration current in each of the following jurisdictions: where HINKSMON resides; where he is an employee; and where he is a student. HINKSMON understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. HINKSMON further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. HINKSMON has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against HINKSMON. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against HINKSMON.

No provision of this agreement shall preclude HINKSMON from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that HINKSMON received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between HINKSMON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL HONIG
Acting United States Attorney

By: */s/ John Wilson, Jr.*
JOHN WILSON, JR.
Assistant U.S. Attorney

APPROVED:

*/s/ Sarah Devlin*
_____
SARAH DEVLIN
Chief, Asset Recovery and Money Laundering Unit

I have received this letter from my attorney, Michael Baldassare, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, supervised release, waiver, forfeiture, registration consequences, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: _20-Mar-2021_
JOSEPH HINKSMON

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, supervised release, waiver, forfeiture, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: _3/26/21_
MICHAEL BALDASSARE, ESQ.

9

<u>Plea Agreement with JOSEPH HINKSMON</u>

<u>Schedule A</u>

      1.    This Office and Joseph Hinksmon ("HINKSMON") agree to stipulate to the following facts:

          a.    From on or about July 10, 2019, through on or about July 24, 2019, HINKSMON knowingly received child pornography.

          b.    On or about July 24, 2019, HINKSMON knowingly received more than 600 images and videos of child pornography that had been mailed, shipped, or transported in interstate or foreign commerce.

          c.    The child pornography images and videos possessed by HINKSMON included material that (1) involved a prepubescent minor or a minor who had not attained the age of 12 years, (2) portrayed sadistic or masochistic conduct or other depictions of violence, or involved sexual abuse or exploitation of an infant or toddler.

      2.    If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

10

Plea Agreement with JOSEPH HINKSMON

Schedule B

1. Canon Powershot SD1100 IS Digital Elph and PNY micro SD card;

2. Western Digital My Passport SSD external hard drive with cord, serial number 185012444201;

3. SanDisk Ultra USB 3.0 128 GB, SCFZ41-128G, serial number BP150625268B;

4. Hewlett Packard 64 flash drive, serial number NJ092074V150W;

5. SanDisk Ultra II 4 GB SD card, serial number BN0827313534G;

6. Lenovo Thinkpad T450 Laptop Computer with cord, serial number PC-086V43;

7. Lenovo Thinkpad T430 Laptop Computer with Cord, serial number PB-40T09;

8. Apple iPad, model A1474, serial number DLXMT2M2FK10;

9. Seagate St320LT007 Hard Drive, serial number W0Q7AWY6;

10. Netgear Wireless Cable Gateway C3000 Router with cord, serial number 3KW1417C018C7; and

11. PNY 16 GB Micro SD Card, serial number UDH16GG04R00AGIC1S16B, and all property traceable to such property.

11